**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Brandi Elaine George and Tony Lee Burnette, Defendants,

Of whom Tony Lee Burnette is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-000912

———————

Appeal From Greenville County
Kelly Pope-Black, Family Court Judge

———————

Unpublished Opinion No. 2016-UP-363
Submitted June 17, 2016 – Filed July 13, 2016

———————

**AFFIRMED**

———————

Kirby Rakes Mitchell, of S.C. Legal Services, of Greenville, for Appellant.

Rebecca Rush Wray, of the Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

**PER CURIAM:**  Tony Lee Burnette (Father) appeals the family court's order terminating his parental rights to his minor child (Child).  On appeal, Father argues the family court erred in (1) failing to find the Department of Social Services (DSS) was judicially estopped from pursuing termination of parental rights (TPR) as to Father and (2) finding TPR was in Child's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

Father did not raise his argument regarding judicial estoppel to the family court during the TPR hearing, and the family court did not address it.  Accordingly, we find it is not preserved.  *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (finding an issue not raised to or ruled upon by the family court was not preserved); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (acknowledging the "duty to protect rights of minors has precedence over procedural rules otherwise limiting the scope of review" but "declin[ing] to exercise [its] discretion to avoid application of the procedural bar").

We find the family court correctly determined TPR was in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (noting the best interest of the child is the paramount consideration in a TPR case); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  DSS had a history with Father that dated back to 2007, when DSS offered Father treatment services to address his drug addiction.  Father did not

complete services at that time, and he admitted he continued to use drugs. When Child was removed from Father in October 2013, Father tested positive for cocaine, cocaine derivatives, morphine, and heroin; and Child tested positive for methamphetamine, cocaine, cocaine derivatives, morphine, heroin, and marijuana. Despite Child's removal in October 2013, Father waited until September 2014—almost an entire year—to begin drug treatment. Although Father seemed to be sober at the time of the TPR hearing, his sobriety was recent, and based on his long-term addiction—which dated back to at least 2007—we find his recent sobriety was not sufficient to find Child could be reunified with Father in the foreseeable future. More concerning, however, was the fact Brandi Elaine George (Mother) continued to live with Father. Based on Mother's history of drug addiction and her prior cases with DSS, we question whether Mother will adequately address her addiction in the foreseeable future such that Child would be safe living with her. Although Father said he would require Mother to leave the home if she did not wean off of methadone, she continued to live with him at the time of the TPR hearing. Mother's future is not yet stable, and Father allowing Mother to remain in the home causes concern about whether Father can provide a suitable home for Child in the foreseeable future.

Child, who was two years old at the time of the TPR hearing, was in foster care for more than one year prior to the TPR hearing, which was half of her entire life. The DSS caseworker and the Guardian ad Litem both testified Child was bonded with her foster family, who was interested in adopting her. Because the stability of Father's home is uncertain, and Child will achieve permanency and stability through adoption if TPR is affirmed, we find TPR is in Child's best interest.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.